IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joseph Charles Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:04-23298-18 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| Allstate Indemnity Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    BACKGROUND

In September 2002 plaintiff Joseph Charles Thompson was injured in a car
accident with Rodney Morris ("Morris").  As a result of the accident, plaintiff has
incurred over $475,000.00 in medical bills.  Plaintiff subsequently recovered Morris'
bodily injury liability limit of $25,000.  In exchange for Morris' limits, plaintiff agreed to
a covenant not to execute, while retaining the right to seek any applicable underinsured
motorist ("UIM") coverage.  Plaintiff also received the limits of his own UIM policy
($100,000.00).  At the time of the collision, plaintiff's father had a UIM policy with
defendant Allstate Indemnity Company.  That policy provided coverage limits of
$100,000.00 per person per vehicle and covered three vehicles.  Plaintiff made a claim
for $300,000 (stacked coverage) under his father's policy, which defendant denied,
claiming plaintiff was not a "resident relative" of his father and thus not an insured under
the UIM policy.  The parties stipulate that if plaintiff is a "resident relative" of the father,
then he is entitled to the full amount of the stacked UIM coverage ($300,000.00).

The parties have agreed to dismiss a tort action brought in state court against
Morris to determine liability and plaintiff's damages.  Prior to the stipulation of

dismissal, defendant filed a notice of appearance to defend against the tort claim, pursuant to S.C. Code Ann. § 38-77-160.[1]  Plaintiff filed this declaratory judgment action in state court to determine defendant's obligations under the UIM policy; defendant removed the case to this court.  Plaintiff seeks remand under the theory that this case presents a novel issue of law; i.e., "whether an insurer's exercise of rights under S.C. Code Ann. § 38-77-160 is the equivalent of an admission of coverage or will serve as a basis to prevent an insurer from denying coverage, whether under principles of waiver, estoppel, or otherwise." (Pl.'s Mem. at 4.)  The parties having fully briefed and argued the matters at issue, the court rules as follows.

## II.     DISCUSSION

Typically, a district court should entertain a declaratory judgment when the declaratory relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371, 375 (4th Cir. 1994).  With these purposes in mind, this court is to weigh four factors when deciding whether to abstain from exercising jurisdiction over a declaratory judgment action:

---

[1] Section 38-77-160 provides, in part:
The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear.  The evidence of service upon the insurer may not be made a part of the record.  In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.

2

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgement action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of law or fact;" [and] (iv) whether the declaratory judgment action is being used merely as a device for "procedural fence-sitting" - that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422 (4th Cir. 1998) (quoting Nautilus, 15 F.3d at 377). These factors are to be considered even when there is no pending parallel state court proceeding. Aetna Cas., 139 F.3d at 424.

Each factor weighs in favor of retaining jurisdiction. While plaintiff's argument is creative, it does not present an issue so novel as to warrant abstention. First, the language of § 38-77-160 undermines plaintiff's argument. The statute provides that "the insurer has the right to appear;" it does not limit that option only to the underinsured motorist insurer. The statute permits the insurer to appear "in any action which may affect its liability," suggesting the appearance is not conclusive of liability.

Second, the "intent of § 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured benefits." Williams v. Selective Ins. Co., 315 S.C. 532, 535, 446 S.E.2d 402, 404 (1994). Adopting plaintiff's interpretation would limit a carrier's ability to contest liability. Moreover, defendant's appearance was not misleading. The notice of appearance clearly "reserves and does not waive any rights pursuant to its policy of insurance, including . . . the applicability of underinsured motorist coverage to this action and/or whether or not underinsured motorist coverage is

3

included as part of the policy."  (Def.'s Mem., Ex. B.)

As to the remaining <u>Nautilus</u> issues, there is no threat of "entanglement" or "procedural fence-sitting" since there is no underlying state court action.

State law provides ample guidance to this court for deciding the remaining "resident relative" issue.[2]  Therefore, there is no novel issue of law to compel remand.

## II.   CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that the plaintiff's motion to remand be **DENIED**.

s/ David C. Norton

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 1, 2005**
**Charleston, South Carolina**

---

[2] At the hearing, plaintiff's counsel suggested plaintiff's status as a college student injects a "degree of novelty" into the "resident relative" issue.  State court decisions provide guidelines to resolve such questions; however, remand or certification to the South Carolina Supreme Court remains an option should the case present a truly novel issue.

4